IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD EARNEST LOWDEN,

        Petitioner,        Civil No. 07-593-TC

        v.        ORDER

COOS COUNTY COMMUNITY CORRECTIONS,
STATE OF OREGON,

        Respondents.

COFFIN, Magistrate Judge.

    Petitioner filed a petition under 28 U.S.C. § 2254 challenging his September 9, 1997, conviction for sodomy involving a ten year old. Petitioner has served his prison sentence and is now serving the term of post-prison supervision.

    Judgment was entered in this court against petitioner for failure to prosecute and failure to follow a court order. Petitioner's subsequent motion for appointment of counsel was granted and the judgment was vacated.

1 - ORDER

Respondents contend that the petition is untimely and should be dismissed. Represented petitioner concedes that the petition is untimely, but argues that the limitations period should be equitably tolled for the time period during which he sought access to his legal materials to file his state PCR petition.

Under § 2244(d) as amended, a petitioner has one year from the date a direct appeal is final to file a federal habeas corpus. The one year limitations period is tolled during the time a state collateral proceeding is pending. Time elapsed after the final judgment and before a collateral filing, and time after final collateral disposition and before federal filing counts against the year. <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

The limitations period of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) may be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time. <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases as extensions of time will only be granted if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034 (9th Cir. 2005). Petitioner bears the burden of demonstrating that equitable tolling is appropriate. <u>Gaston</u>, 417 F.3d at 1034; <u>Miranda v. Castro</u>, 292 F.3d 1963, 1965 (9th Cir. 2002).

2 - ORDER

Further, the extraordinary circumstances must be the cause-in-fact of the untimeliness of the filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). A petitioner seeking equitable tolling must establish: "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Espinoza-Matthews v. California, 432 F.3d 1021, 1026 n.5 (9th Cir. 2005).

Discussion

I. Petitioner Has Failed to Demonstrate That Some Extraordinary Circumstances Stood In The Way Of The Timely Filing of His Habeas Petition, And, As Such, He Is Not Entitled to Tolling.

Petitioner states that he sought his legal file from his trial counsel in order to file his state petition for post conviction relief. He argues that his trial counsel did not provide the complete file to him on a timely basis, and, as such, that the running of the statute of limitations should be tolled for the period he was without his complete file. He asserts that he needed his file to file the PCR petition because the file contained a report prepared by an investigator hired by his trial counsel. The report identified potential alibi witnesses who did not testify at his trial as alibi witnesses.

3 - ORDER

Respondent argues that petitioner could have filed his PCR petition without receipt of the complete file. As discussed in more detail below, this court agrees that in the particular circumstances of this case, petitioner could have filed his PCR petition without receipt of the complete file. Petitioner has not met his burden of demonstrating that tolling is appropriate.

In the PCR petition that petitioner eventually filed, petitioner asserted that his trial counsel was ineffective for failing to call alibi witnesses at trial. Petitioner's own testimony at trial was consistent with the defense theory of the case --that he was never alone with the victim on the day and at the time she alleged that she was sodomized and, therefore, it was impossible for the offense to have been committed as she alleged. P. 3 of Petitioner's Reply (#25); TR 179-202 (#21). Petitioner testified at his trial that he dropped the victim off at the Peck residence TR. 197 (#21). The defense had subpoenaed Francis Frost, Sherry Frost, Dannie Peck, Lori Peck and Mary Hill to testify at trial. None of these witnesses were called as alibi witnesses by the defense. Sherry Frost testified as a character witness and said that petitioner was a truthful person.

In his report, the investigator states that he interviewed several people. The report noted, as is pertinent to the arguments in this case, that Danny Peck stated to the investigator that petitioner dropped off the children for him

4 - ORDER

and his wife Lori to watch. Sherry Frost stated that she lived next door to petitioner and never saw him alone with the victim while they were there. Francis and Tracy Frost said that petitioner had never tried to abuse them and Francis said that she saw the victim at the Peck's house playing the day Mary Hill went for an appointment. Mary Hill is the victim's mother and was the girlfriend of petitioner at the time of crime. Petitioner had known Mary and her children for about five years. At times he had acted in a parental role for the children and lived with them and Mary. Mary stated that the only time petitioner could have been alone with the children during the 17 days on Harmony Lane would have been during her application appointment to receive food stamps.

Based on the above, petitioner did not need the report to file his PCR petition asserting that his trial counsel was ineffective for failing to call alibi witnesses. The report did not give petitioner substantial information about potential alibi witnesses that he did not already know. He testified himself that he had dropped the victim off at the Peck residence and that he wasn't alone with the victim; he obviously already knew the identity of his neighbors and his girlfriend. The report was not needed to, and did not, inform petitioner that not calling certain people as alibi witnesses could possibly be a basis to assert a claim for ineffective assistance of counsel. Based on the foregoing, Petitioner did not need the report to file his PCR petition

5 - ORDER

and the delay in receiving the report was not the cause in fact of the untimeliness of the filing. See Spitsyn, 345 F.3d at 799 (extraordinary circumstances for tolling must be the cause-in-fact of the untimeliness of the filing). Petitioner has failed to demonstrate that some extraordinary circumstance stood in the way of the timely filing of his habeas petition, and, as such, he is not entitled to tolling. See Pace, 544 U. S. at 418.[1]

## II. Even Assuming Petitioner Needed the Investigative Report to Initiate his PCR Petition, Petitioner Has Not Been Pursuing His Rights Diligently, And As Such, He Is Not Entitled To Tolling.

Even assuming petitioner needed the investigative report to initiate his PCR petition, petitioner has not been pursuing his rights diligently. Petitioner concedes that after he received the complete file, it was an additional 11 months before he filed his PCR petition. It cannot be said in this particular case that petitioner was pursuing his rights

---

[1] Even assuming petitioner needed the investigative report to adequately litigate his PCR proceeding, which this court does not find to be the case, petitioner did not need the report prior to the initiation of his PCR proceeding. Petitioner could have used the discovery process to obtain the report, or he could have filed his original petition with general allegations and later amended it to further specify his claims. See ORS 138.610; Or. R. Civ. P. 23. Petitioner is also entitled to counsel in PCR proceedings, ORS 138.590, and appointed counsel has a right to amend the pro se petition in many instances. See ORS 138.590(5).

6 - ORDER

diligently and, therefore, he is not entitled to tolling. See Pace, 544 U.S. at 418.

Petitioners's counsel argues that the reasons that petitioner waited 11 months to file after he received the complete file are: his pro se status, the obstacles he faced due to such status such as limited access to law libraries and legal materials, and the length of his PCR petition(100 pages). Such arguments are not persuasive in the particular circumstances of this case. Pro se status alone is not an extraordinary circumstance that warrants tolling. Ray v. Marshall, 2007 WL 3096157 (E.D. Cal. 2007) citing Donavan v. Maine, 267 F.3d 87, 94 (1st Cir. 2002). Petitioner's counsel has only generally noted obstacles for pro se litigants due to limited access to legal libraries and legal materials, See p. 7 of Sur-reply( #34), and has not set forth with any particularity obstacles petitioner personally experienced due to lack of access to law libraries and legal materials after he received the complete file. See Ray v. Marshall at *5. Petitioner should not have needed more than several months to file his particular PCR petition as it did not deal with overly complicated issues or sophisticated underlying documentation. Petitioner has not been pursuing his rights diligently and thus is not entitled to tolling.

All of petitioner's other arguments have been considered

7 - ORDER

and found unpersuasive.[2]

### Conclusion

The Petition(#2) for Writ of Habeas Corpus is denied and this action is dismissed.

DATED this 25st day of June, 2008.

Thomas M. Coffin
United States Magistrate Judge

---

[2] For example, Petitioner's counsel briefly mentions statutory tolling, but does not address in his sur-reply respondent's counter argument which this court finds persuasive. See Footnote 2 at p. 7 of Respondent's Response(#31). Also, as an alternative to seeking a holding that the federal petition was filed on a timely basis, petitioner's counsel seeks an evidentiary hearing. The primary purpose of the evidentiary hearing would be to establish that petitioner did not have access to his complete file until February 23, 2001, and not before as respondent has contended. See p. 5 of Petitioner's Sur-reply (#34). Because this court has assumed, *arguendo*, that petitioner's assertions regarding this date are true, and petitioner cannot prevail with such date, and due to all of the above, an evidentiary hearing is not necessary in this case.

8 - ORDER